IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02158-BNB

SHIROCCO MARQUISE WILLIAMS, *sui juris*,

     Applicant,

v.

DEBORAH DENHAM, Warden, FCI Englewood,

     Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Shirocco Marquise Williams, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) at the Federal Correctional Institutional in Littleton, Colorado. He filed *pro se* on August 4, 2014, an Expedited Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  He also has filed a motion titled "Motion for Exception to This Court[']s BOP Exhaustion Rule" (ECF No. 5).  He has paid the $5.00 filing fee.

On August 5, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action.  On August 25, 2014, Respondent filed a preliminary response (ECF No. 8).  On September 2, 2014, Mr. Williams filed a reply (ECF No. 9) titled "Applicant's Objection to Preliminary Response," in which he objects to the arguments raised in the August 25 preliminary response.  On September 5, 2014, Mr. Williams filed a declaration (ECF No. 10) in which he again objects to the arguments

raised in the August 25 preliminary response.

The Court must construe liberally the filings of Mr. Williams because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *See Hall*, 935 F.2d at 1110.  The Court may take judicial notice of its own records and files that are part of the Court's public records.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).  However, the Court should not be an advocate for a *pro se* litigant.  For the reasons stated below, the Court will deny the habeas corpus application and dismiss the action.

Mr. Williams pleaded guilty in the United States District Court for the District of Nebraska (Omaha) to charges of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1).  ECF No. 8, ex. 1 (Declaration of Theresa Montoya) at 2; *see also United States v. Williams*, No. 10-cr-00224-JFB-FG3-1 (D. Neb. Jan. 7, 2011).  He was sentenced to fifty-seven months in prison, followed by three years of supervised release.  ECF No. 8, ex. 1 at 2; *see also* No. 10-cr-00224-1, ECF No. 42 at 2-3.  He has a projected release date of March 22, 2015, via good-conduct-time release.  ECF No. 8, ex. 1 at 2.

Mr. Williams alleges that the BOP has failed to comply with 18 U.S.C. § 3624(c), the Second Chance Act of 2007, which provides eligibility for pre-release placement in a halfway house from six to twelve months.  ECF No. 1 at 2-3; *see also* ECF No. 8 at 1. Respondent argues that the application should be dismissed for failure to exhaust administrative remedies before seeking federal habeas corpus relief.  In fact, Respondent contends Mr. Williams has not filed any administrative remedies related to

2

his asserted claim.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because he adjudicative system can function properly without imposing some orderly structure on the course of its proceedings."  *Id.* at 90-91.

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Williams.  *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally (BP-8) and then completing all three formal steps by filing an administrative remedy request with institution staff (BP-9) as well as regional and national appeals (BP-10 and BP-11).  *See* 28 C.F.R. §§ 542.13 - 542.15.  Inmate appeals must be accompanied by copies of their administrative filings and responses at lower levels.  *See* 28 C.F.R. § 542.15(b)(1).

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  "An inmate may not raise in

an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2). An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal." *Id.*

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process. 28 C.F.R. § 542.17(a). When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal. 28 C.F.R. § 542.17(b). If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level. 28 C.F.R. § 542.17(c). The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing. *Id.*

Although failure to exhaust may be excused in rare cases in which an applicant demonstrates that exhaustion would be futile, *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010), or that irreparable harm would otherwise result, *Steck v. Chester*, 393 F. App'x 558, 560 (10th Cir. 2010), Mr. Williams has not made factual allegations to show either circumstance. In the "Motion for Exception to This Court[']s BOP Exhaustion Rule," he alleges that he lacks sufficient time to exhaust administrative remedies prior to his scheduled halfway house placement of September 9, 2014, and release date of February 27, 2015. He also complains that staff at his current correctional facility refuse to consider him for more than six-months pre-release placement in a halfway house.

The Court cannot excuse Mr. Williams' failure to exhaust based upon his belief

the exhaustion process is futile because (1) he thinks it takes too long to complete, and

(2) he only is being considered for a six-month pre-release halfway house placement.  A

prisoner may not exhaust "administrative remedies by, in essence, failing to employ

them."  *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

Mr. Williams has not exhausted BOP administrative remedies before seeking

federal court intervention through the instant habeas corpus application, and fails to

demonstrate he should be excused from exhausting administrative remedies because

exhaustion is futile.  The "Motion for Exception to This Court[']s BOP Exhaustion Rule"

(ECF No. 5) will be denied.  The application will be dismissed for failure to exhaust.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith and therefore *in forma pauperis* status

will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Williams files a notice of appeal he also must pay the full $505.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.

Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the

action dismissed without prejudice for failure to exhaust administrative remedies.  It is

FURTHER ORDERED that the "Motion for Exception to This Court[']s BOP

Exhaustion Rule" (ECF No. 5) is denied.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this __9th__ day of ___October_____, 2014.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court