IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02158-LTB

SHIROCCO MARQUISE WILLIAMS, *sui juris*,

    Applicant,

v.

DEBORAH DENHAM, Warden, FCI Englewood,

    Respondent.

ORDER DENYING MOTION TO RECONSIDER

    Applicant, Shirocco Marquise Williams, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution at Englewood, located in Littleton, Colorado. He filed *pro se* on October 21, 2014, a motion titled "Rule 60(B)(1) Excusable Neglect Motion" (ECF No. 13). The Court must construe the motion liberally because Mr. Williams is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be treated as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and denied.

    In the motion, Mr. Williams apparently asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 11) and the Judgment (ECF No. 12) entered in this action on October 9, 2014. A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion

to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court denied the habeas corpus application and dismissed the instant action without prejudice for failure to exhaust administrative remedies. Upon consideration of the motion and the entire file, the Court finds that Mr. Gordon fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Therefore, the motion will be denied.

Accordingly, it is

ORDERED that the motion titled "Rule 60(B)(1) Excusable Neglect Motion" (ECF No. 13) that Applicant, Shirocco Marquise Williams, filed on October 21, 2014, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this  10th  day of    November   , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court